**HUSNI et al., Appellants,**

v.

**MEDEN, Appellee.**■

[Cite as *Husni v. Meden* (1994), 94 Ohio App.3d 465.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 65171.

Decided May 2, 1994.

*Reminger & Reminger, Alan B. Parker* and *Nancy F. Zavelson,* for appellants.

*Jacobson, Maynard, Tuschman & Kalur, Janis L. Small* and *David M. Best,* for appellee.

JAMES D. SWEENEY, Judge.

Plaintiffs-appellants Elias A. Husni, M.D., Marwan Ghazoul, M.D., and Physicians Insurance Company of Ohio ("Physicians") appeal from the February 4, 1993 granting of defendant-appellee Glenn Meden, M.D.'s motion to dismiss the complaint for contribution. For the reasons adduced below, we affirm.

A review of the record on appeal indicates that this action arose from the medical treatment of Alice Gross by Husni, Ghazoul, and Meden during June 1989, at Meridia–Huron Hospital.[1] On November 15, 1989, Gross's estate, through her daughter and administrator, Gayle Bernstein, filed a wrongful death medical negligence complaint against Huron Road Hospital, Husni, Ghazoul, and Franklin Pryce, M.D. See Cuyahoga County Common Pleas Court case No. 179416. On February 6, 1990, the estate filed a first amended complaint, adding defendant Hoon Park, M.D. On July 6, 1990, the estate filed a second amended complaint, adding defendant Ahmad Ascha, M.D., who was subsequently dismissed from the lawsuit of the estate.

On June 29, 1992,[2] the estate, for $600,000, entered into, and executed, a full and final written release and settlement of the claims against Husni, Ghazoul, and Physicians. This release stated in pertinent part:

"The within Release and Settlement Agreement is herein executed with the full understanding that the extinguishment of any and all claims as to the discharged parties *preserves the rights of the discharged parties to bring an action in contribution against any and all potential joint tort-feasors pursuant to Revised Code Sections 2307.31 and 2307.32.*" (Emphasis added.)

On October 20, 1992, plaintiffs-appellants filed the two-count complaint *sub judice,* seeking contribution and indemnity from Meden, who was a treating physician of Gross during her June 1989 stay at the hospital prior to her death. Meden filed his motion to dismiss the cause of action seeking contribution on November 20, 1992. Plaintiffs filed their brief in opposition to dismissal on December 31, 1992. Meden filed a reply brief on January 21, 1993. On February 4, 1993, the trial court granted the motion to dismiss on both counts, as both counts stated causes of action based upon contribution. No appeal has been taken from the trial court's *sua sponte* dismissal of the second count for indemnity.

---

1. Gross died on July 6, 1989, after a three-week period of heart-bypass surgery and follow-up treatment in the hospital.

2. By this date, the one-year statute of limitations for a medical malpractice action against Meden had expired. R.C. 2305.11. Likewise, the two-year statute of limitations for a wrongful death action resulting from medical malpractice had also expired. R.C. 2125.02.

This appeal presents one assignment of error as follows:

"The trial court erred in dismissing plaintiffs' complaint for contribution."

Appellee argues that plaintiffs herein are barred from seeking contribution from him by failing to comply with the dictates of R.C. 2307.31(B), to wit, not naming him in the release and settlement agreement of June 29, 1992, thereby extinguishing Meden's liability. Appellants argue that notwithstanding R.C. 2307.31(B), they are entitled by statute, R.C. 2307.31 and 2307.32, to bring their action against Meden for contribution.

R.C. 2307.31, Ohio's statute allowing contribution among joint tortfeasors, provides in pertinent part:

"(A) *Except as otherwise provided in this section or section 2307.32 of the Revised Code,* if two or more persons are jointly and severally liable in tort for the same injury or loss to person or property or for the same wrongful death, there is a right of contribution among them even though judgment has not been recovered against all or any of them. The right of contribution exists only in favor of a tortfeasor who has paid more than his proportionate share of the common liability, and his total recovery is limited to the amount paid by him in excess of his proportionate share. No tortfeasor is compelled to make contribution beyond his own proportionate share of the common liability. There is no right of contribution in favor of any tortfeasor who intentionally has caused or intentionally has contributed to the injury or loss to person or property or the wrongful death.

"(B) *A tortfeasor who enters into a settlement with a claimant is not entitled to recover contribution from another tortfeasor whose liability for the injury or loss to person or property or the wrongful death is not extinguished by the settlement, or in respect to any amount paid in a settlement which is in excess of what is reasonable.*" (Emphasis added.)

R.C. 2307.32, which provides for enforcement of contribution, limitation of an action for contribution, and effect of a release, states:

"(C) If there is no judgment for the injury or loss to person or property or the wrongful death against the tortfeasor seeking contribution, his right of contribution is barred *unless he either has discharged by payment the common liability within the statute of limitations period applicable to the claimant's right of action against him and has commenced his action for contribution within one year after payment, or has agreed while action is pending against him to discharge the common liability and has within one year after the agreement paid the liability and commenced his action for contribution.*

" * * *

"(F) *When a release* * * * is given in good faith to one of two or more persons liable in tort for the same injury or loss to person or property or the same wrongful death, the following apply:

"(1) The release * * * does not discharge any of the other tortfeasors from liability for the injury, loss or wrongful death *unless its terms otherwise provide,* but it reduces the claim against the other tortfeasors to the extent any amount stipulated by the release * * *, or in the amount of the consideration paid for it, whichever is greater." (Emphasis added.)

■ Although the plaintiffs-appellants commenced their present action for contribution against Meden within one year after payment of the settlement amount pursuant to R.C. 2307.32(C), we conclude that the contribution claim was barred, since the settlement did not purport to release Meden pursuant to R.C. 2307.31(B) and 2307.32(F)(1).

The phrase "unless its terms otherwise provide," as contained in R.C. 2307.-32(F)(1), "requires a release to expressly designate by name or to otherwise specifically describe or identify any tortfeasor to be discharged." *Beck v. Cianchetti* (1982), 1 Ohio St.3d 231, 235, 1 OBR 253, 256, 439 N.E.2d 417, 420. "The thrust of this section is to retain the liability of tortfeasors * * *." *Id.* at 234, 1 OBR at 256, 439 N.E.2d at 420. Accordingly, this phrase "should be narrowly construed and require a degree of specificity. Allowing a discharge based upon general language which does not name or identify a tortfeasor perpetuates the common law rule and is contrary to the statute." *Id.* at 234–235, 1 OBR at 256, 439 N.E.2d at 420. That common-law rule, which the statute was enacted to modify so as to ameliorate the injustices inherent in the common law, provided that a general unqualified release executed in favor of a tortfeasor extinguished the right of action against all other joint tortfeasors for the same wrong. *Whitt v. Hutchison* (1975), 43 Ohio St.2d 53, 72 O.O.2d 30, 330 N.E.2d 678. In the case *sub judice,* the language of the release at issue, to wit, "any and all potential joint tortfeasors," is general language which does not name, or specifically describe or identify, Meden. Thus, Meden's liability was not extinguished by the release and settlement, and contribution was barred pursuant to the clear language of R.C. 2307.31(B).

■ Appellants further argue that R.C. 2307.31(B) has no application, because the release entered into by Husni, Ghazoul, and Physicians could not have "extinguished" Meden's liability, because that liability to the plaintiffs-appellants had already expired at the time the statute of limitations governing actions for

medical negligence and wrongful death stemming from medical negligence expired, which was before the execution of the release with the estate of Gross.

This argument by appellants was similarly at issue and found unpersuasive in *Nationwide Ins. Co. v. Shenefield* (1992), 85 Ohio App.3d 563, 620 N.E.2d 866, motion to certify overruled in (1993), 66 Ohio St.3d 1488, 612 N.E.2d 1244, wherein headnotes two and four state:

"For purposes of statute providing that joint tort-feasor who enters into settlement with claimant is not entitled to recover contribution from another tort-feasor whose liability is not extinguished by settlement, 'extinguished' encompasses ending of or silencing of joint tort-feasor's common liability by means of running of statute of limitations applicable to plaintiff's negligence claim. R.C. § 2307.31(B)."

"Liability insurer of alleged tort-feasor had no right to recover contribution from alleged joint tort-feasors on basis of settlement with personal injury plaintiffs purporting to release all plaintiffs' claims against joint tort-feasors, since release could not have extinguished joint tort-feasors' liability, because that liability was previously extinguished by expiration of two-year statute of limitations governing actions for bodily injury damage prior to plaintiffs' motion to amend complaint to add joint tort-feasors as defendants. R.C. §§ 2305.10, 2307.31(B)."

Based upon the above, plaintiffs-appellants herein failed to satisfy the requirements of R.C. 2307.31(B) and had no right to recover contribution from Meden. The trial court did not err in dismissing the complaint for contribution.

The sole assignment of error is overruled.

*Judgment affirmed.*

PATTON, P.J., and PORTER, J., concur.