**STATE FARM INSURANCE COMPANY, Appellee,**

v.

**ATLANTIC MUTUAL INSURANCE COMPANY, Appellant.**

[Cite as *State Farm Ins. Co. v. Atlantic Mut. Ins. Co.* (1996), 109 Ohio App.3d 508.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 15415.

Decided Feb. 23, 1996.

*Steven Findley,* for appellee.

*Matthew J. Smith,* for appellant.

FAIN, Judge.

This controversy involves an action for contribution between the indemnitors of two joint tortfeasors.

Defendant-appellant Atlantic Mutual Insurance Company ("Atlantic") appeals from a summary judgment rendered in favor of plaintiff-appellee State Farm Mutual Automobile Insurance Company ("State Farm"). Atlantic contends that it was entitled to judgment in its favor as a matter of law because contribution claims between indemnitors of joint tortfeasors are governed by the Contribution Among Tortfeasors Act, R.C. 2307.31 and 2307.32, and that State Farm's claim for contribution for a settlement payment that did not extinguish Atlantic's joint obligation was specifically barred by operation of R.C. 2307.31(B).

We agree with Atlantic's contentions. We conclude that the trial court erred in holding that the Contribution Among Tortfeasors Act does not govern the present contribution action between the indemnitors of joint tortfeasors and in concluding that State Farm's contribution claim was not barred by failing to comply with the requirements of R.C. 2307.31(B). We also conclude that the trial court erred in concluding that the "other insurance" clauses in the insurance contracts provide a contractual obligation for contribution between the insurers of joint tortfeasors. Accordingly, the judgment of the trial court is reversed, and we enter judgment in favor of Atlantic, as a matter of law.

I

This case is an appeal from a summary judgment rendered in favor of State Farm for contribution against Atlantic. This case has its origin in claims made by David Swayze against Sydney Scher and Robin H. Price for personal injuries resulting from two separate automobile accidents. The first accident occurred between Swayze and Scher on November 12, 1987. Scher was insured by Atlantic with a bodily injury coverage limit of $500,000 and an umbrella policy with a $1,000,000 limit. The second accident occurred between Swayze and Price on August 11, 1989. Price was insured by State Farm with a bodily injury coverage limit of $100,000.

In a separate action, case No. 90–4629, Swayze sued both Scher and Price in the Montgomery County Court of Common Pleas seeking damages jointly and severally for severe personal injuries that resulted from both automobile accidents. The jury returned individual verdicts against Scher for $40,000 and Price for $22,000. Additionally, the jury rendered a verdict for $212,000 against Scher and Price jointly and severally for the amount of the damages caused by both collisions that it could not apportion between the two defendants.

Shortly after the jury verdict, State Farm and Price entered into an agreement with Swayze to settle and release the individual and joint claims against Price in return for payment of $90,000. Although State Farm made Atlantic aware of the settlement, Atlantic refused to participate in or contribute to the settlement. In separate clauses of the settlement agreement, Swayze, Price, and State Farm stated that they did not intend the settlement agreement to affect their respective rights against Atlantic Mutual or any other insurer of Sidney Scher, and they specifically reserved their rights to enforce their legal rights against Scher and Scher's indemnitors.

Following the settlement agreement, State Farm brought the present contribution action against Atlantic to recover a portion of the amount it paid to Swayze that it believed to be in excess of its share of the $212,000 joint verdict. State Farm filed a motion for summary judgment and argued that both State Farm's and Atlantic's policies provided primary coverage for some portion of the $212,000 joint verdict. Accordingly, citing *Buckeye Union Ins. Co. v. State Auto Mut. Ins. Co.* (1977), 49 Ohio St.2d 213, 3 O.O.3d 330, 361 N.E.2d 1052, as authority, State Farm asserted that the most equitable manner in which to allocate the burden of paying the joint and several verdict between the two insurers is to enforce the "other insurance" clause contained in both of the applicable policies and to require each insurer to pay its pro rata share based upon the policy limits of the respective policies.

More specifically, State Farm argued that because the State Farm policy provided a maximum coverage of $100,000 and the Atlantic policy provided $1,500,000 in total coverage (including the umbrella policy), State Farm's pro rata share is one sixteenth of the total liability. Under this analysis, State Farm argued that its pro rata share of the $212,000 joint verdict was $13,281.25. By adding its share of the joint liability to its $22,000 individual verdict, State Farm concluded that its total liability to Swayze was $35,281.25. Accordingly, State Farm argued that Atlantic must repay State Farm $54,718.75, the difference between its actual liability and the $90,000 settlement payment.

Atlantic opposed State Farm's motion for summary judgment and moved for summary judgment in its favor. Atlantic raised several arguments in support of its position. First, Atlantic asserted that State Farm's contribution action was barred by principles of *res judicata*, because Price had previously raised the contribution issues in her cross-claim in the underlying lawsuit. Next, Atlantic argued that Ohio's Contribution Among Tortfeasors Act, set forth in R.C. 2307.31 and 2307.32, controlled the action as a claim for contribution between joint tortfeasors, and pursuant to R.C. 2307.31(B), State Farm was barred from seeking contribution for any excess settlement payment to Swayze because Scher's liability had not been extinguished by the settlement. Atlantic also

argued that because Atlantic and State Farm, as insurers, were not joint tortfeasors, State Farm has no cause of action against Atlantic for contribution. Atlantic admitted that although State Farm may have had a cause of action against its insured, Scher, as a joint tortfeasor, the one-year statute of limitations for the claim had expired. Accordingly, Atlantic requested the trial court to grant judgment in its favor as a matter of law and to dismiss the complaint.

In granting State Farm's motion for summary judgment, the trial court rejected Atlantic's *res judicata* argument based on the reasoning that although a claim for contribution was raised in the original cause of action against the two tortfeasors, the issue was not submitted to the jury and was not finally litigated. Furthermore, the trial court agreed with State Farm that R.C. 2307.31 and 2307.32 did not apply to the contribution action between the two insurers. Instead, the trial court concluded that State Farm was entitled to contribution from Atlantic based upon a contractual obligation to pay its share of a common liability that arose from the "other insurance" clause found in both insurance contracts. Based on the "other insurance" provisions in the contracts, the trial court determined that the fairest way to apportion the liability between the two insurance companies was the pro rata formula. Accordingly, based upon the one-sixteenth-share pro rata analysis advanced by State Farm, the trial court determined that State Farm's total liability to Swayze for both the joint and the individual verdict was $35,281.25. Therefore, the trial court concluded as a matter of law that Atlantic should contribute $54,718.75 to State Farm for the difference between its actual liability and the total amount paid to Swayze in the settlement.

Atlantic appeals from the judgment of the trial court.

## II

Atlantic's first and second assignments of error are as follow:

"The trial court erred when it held Ohio Revised Code Sections 2307.31 and 2307.32 do not bar contribution between insurers.

"The trial court erred by not granting defendant-appellant's motion for summary judgment as plaintiff-appellee is not entitled to contribution as a matter of law because it has not extinguished the liability of the defendant-appellant."

Initially we note that pursuant to Civ.R. 56, to prevail on a motion for summary judgment, the movant must establish that (1) there is no genuine issue of material fact, (2) it is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and that conclusion is adverse to the nonmoving party, who is entitled to have the evidence construed most strongly in her favor. *Harless v. Willis Day Warehousing Co.*

(1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46. The standard of review in this court is *de novo*, since the propriety of summary judgment is a question of law. We must determine whether the moving party has sustained its burden by establishing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.* (1990), 50 Ohio St.3d 157, 553 N.E.2d 597.

The disposition of this case on appeal turns on the answers to two questions: (1) whether R.C. 2307.31 and 2307.32 govern the claim for contribution between State Farm and Atlantic, and (2) whether any right to contribution between State Farm and Atlantic was created by the "other insurance" clauses in the insurance contracts between State Farm and Price and Atlantic and Scher.

Atlantic contends that R.C. 2307.31 and 2307.32 control the present case. Based upon the application of the controlling law of contribution among joint tortfeasors, Atlantic contends that State Farm failed to properly raise a claim for contribution by bringing the claim against the joint tortfeasor's insurance company, rather than the joint tortfeasor himself. Atlantic also argues that, regardless of whether the action was properly brought against Atlantic as the insurer of the joint tortfeasor rather than Scher himself, because R.C. 2307.31 and 2307.32 control the contribution action, State Farm's claim is barred by its failure to meet the requirements set forth in R.C. 2307.31(B) for contribution for a settlement payment. Finally, Atlantic contends that based upon the application of R.C. 2307.31(B), it is entitled to judgment as a matter of law.

State Farm argues that the trial court properly determined that R.C. 2307.31 and 2307.32 do not apply to this case because it is an action for contribution between two insurance companies, not two joint tortfeasors. State Farm asserts that because the rights of the parties were not clearly defined by existing law, the trial court had broad discretion to fashion an equitable remedy. Furthermore, State Farm relies on *Buckeye Union Ins. Co. v. State Auto Mut. Ins.* (1977), 49 Ohio St.2d 213, 3 O.O.3d 330, 361 N.E.2d 1052, to support its proposition that the trial court properly relied upon the "other insurance" provisions in each insurance contract as creating a right of contribution between the insurers based on a pro rata share of their respective policy limits.

Prior to the enactment of R.C. 2307.31 and 2307.32 Ohio law did not permit contribution or indemnity between joint tortfeasors. *Motorists Mut. Ins. Co. v. Huron Rd. Hosp.* (1995), 73 Ohio St.3d 391, 394, 653 N.E.2d 235, 238. Only through the enactment of R.C. 2307.31 and 2307.32 were joint tortfeasors in Ohio given the right to seek contribution from other concurrent or joint tortfeasors. *Id.*

R.C. 2307.31(A) provides:

"(A) * * * [I]f two or more persons are jointly and severally liable in tort for the same injury or loss to person or property or for the same wrongful death, there is a right of contribution among them even though judgment has not been recovered against all or any of them. The right of contribution exists only in favor of a tortfeasor who has paid more than his proportionate share of the common liability, and his total recovery is limited to the amount paid by him in excess of his proportionate share."

Furthermore, the Contribution Among Tortfeasors Act also addresses the subrogation rights of a joint tortfeasor's insurer. R.C. 2307.31(C) provides, in part:

"(C) A liability insurer that by payment has discharged in full or in part the liability of a tortfeasor and has thereby discharged in full its obligation as insurer is subrogated to the tortfeasor's right of contribution to the extent of the amount it has paid in excess of the tortfeasor's proportionate share of the common liability."

Additionally, the statute also specifically addresses a joint tortfeasor's right to contribution after entering a settlement with the injured party. R.C. 2307.31(B) provides:

"A tortfeasor who enters into a settlement with a claimant is not entitled to recover contribution from another tortfeasor whose liability for the injury or loss to person or property * * * is not extinguished by the settlement * * *."

■ Based upon the clear language of the Contribution Among Tortfeasors Act, we cannot avoid reaching the conclusion that the statute governs the contribution rights between State Farm and Atlantic in the present case. State Farm's and Atlantic's obligations to pay the joint and several judgment to Swayze arise solely from relationship to one another as the insurers of two joint tortfeasors. Accordingly, their rights and obligations to one another are governed by the same laws that govern their respective joint tortfeasors, namely the Contribution Among Tortfeasors Act set forth in R.C. 2307.31 and 2307.32.

■ State Farm discharged its obligation, as Price's insurer, by paying the $90,000 settlement amount to Swayze and thereby became subrogated to Price's contribution rights as a joint tortfeasor under R.C. 2307.31(C). However, by settling with Swayze without extinguishing Scher's liability, State Farm and Price failed to comply with the requirements of R.C. 2307.31(B) to preserve the right to recover contribution from the joint tortfeasor. Pursuant to the requirements of R.C. 2307.31(B), because the settlement with Swayze did not extinguish Scher's liability, State Farm is not entitled to contribution from Scher for any payment made in excess of Price's share of liability. *Motorists Mut. Ins. Co., supra; Husni v. Meden* (1994), 94 Ohio App.3d 465, 640 N.E.2d 1207. State Farm's

claim for contribution for any payment which may have represented more than its proportionate share is barred by operation of R.C. 2307.31(B).

Furthermore, contrary to the trial court's holding and State Farm's assertions on appeal, we do not agree that the "other insurance" provisions in the insurance contracts create an alternative avenue by which an insurer of one joint tortfeasor can seek contribution from the insurer of another joint tortfeasor for a joint and several judgment rendered against their insureds.

Both State Farm's and Atlantic's contracts with their insureds contain similar "other insurance" clauses that define the insurer's coverage when another policy also covers an accident. The clause in State Farm's contract with Price provides:

"Our share is the per cent that the limit of liability of this policy bears to the total of all vehicle liability coverage applicable to the accident."

The clause in Atlantic's contract with Scher similarly provides:

"Our share is the proportion of our *coverage limit* to the total of all *coverage limits* that apply." (Emphasis *sic.*)

State Farm cites *Buckeye Union Ins. Co. v. State Auto. Mut. Ins. Co.* (1977), 49 Ohio St.2d 213, 3 O.O.3d 330, 361 N.E.2d 1052, in support of its contention that the "other insurance" provision creates a contractual obligation for State Farm and Atlantic to apportion liability on a pro rata basis and make a contribution for any excess payment made by one insurer. However, we find *Buckeye Union* to be inapposite in the present case.

In *Buckeye Union,* two insurance companies sought a judicial declaration of their rights and duties arising from an accident that claimed three lives. The accident involved a truck owned by William Jordan and driven by Sylvester Harrell. At the time of the accident, Harrell was hauling materials for Anderson Concrete Company. Anderson Concrete carried comprehensive bodily injury and property damage insurance in the amount of $1,000,000 from Buckeye Union, and Jordan carried insurance for bodily injury and property damage "arising out of the * * * use" of the truck in the amount of $300,000 from State Auto. Both policies covered the accident, although each policy stated that it would be excess coverage if other collectable insurance applied. Accordingly, the specific issue addressed in *Buckeye Union* was how to apportion liability between two insurance policies that concurrently cover the same risk, but claim to be excess coverage. In paragraph one of the syllabus, the Supreme Court of Ohio held:

"Where two insurance policies cover the same risk and both provide that their liability with regard to that risk shall be excess insurance over other valid, collectable insurance, the two insurers become liable in proportion to the amount of insurance provided by their respective policies."

The facts of *Buckeye Union* are distinguishable from the facts in the present case in two important regards. First, *Buckeye Union* did not involve the apportionment of liability between the insurers of joint tortfeasors. Second, the insurance policies in *Buckeye Union* both covered the same accident. In the present case, although the two insurance policies ultimately cover the same loss (the indivisible injury to Swayze and the joint and several verdict rendered against the joint tortfeasors), the policies applied to two different accidents and covered two different risks: Atlantic covered Scher's risk of bodily injury or property damage caused as a result of an accident that occurred on November 12, 1987, and State Farm covered Price's risk of bodily injury or property damage caused as a result of an accident that occurred on August 11, 1989. Unlike *Buckeye Union*, this case does not involve a question of apportioning concurrent insurance coverage applicable to the same risk; it involves the apportionment of liability between the indemnitors of joint tortfeasors.

We find no support in Ohio law for the trial court's application of the "other insurance" provision as a means of creating a contractual right of contribution between the insurers of two joint tortfeasors. Furthermore, we conclude that the application of the "other insurance" pro rata apportionment analysis in a joint tortfeasor situation would lead to unintended results. Applying the "other insurance" provision to insurers of joint tortfeasors, and thereby requiring contribution between them on a pro rata basis in relation to their respective policy limits, would be inconsistent with the provision set forth in R.C. 2307.31(F) that requires that between joint tortfeasors "liability shall be based upon their relative degrees of legal responsibility." If the "other insurance" provision were held to be applicable between the insurers of joint tortfeasors, it is conceivable that an insurer with the highest policy limit could be held liable to contribute the largest portion of the judgment based on the pro rata share apportionment, even though its insured may only have been responsible for the smallest degree of fault. It seems unlikely that Atlantic, by its "other insurance" provision governing the apportionment between two insurers insuring the same risk, intended that its exposure might be held to exceed that of its insured, in the event that its limits were high compared to an insurance policy issued to the other joint tortfeasor, but its insured's relative fault were modest in comparison to the fault of the other joint tortfeasor.

For example, Atlantic issues a low-rated policy, with a per-person limit of $300,000, to a middle-aged driver with an accident-free driving record. State Farm issues a high-rated policy, with a per-person limit of $100,000, to a young male driver who has already caused a number of accidents as a result of reckless driving and, in one case, driving while intoxicated. The two insured drivers are involved in a common accident injuring a third person. They are both held to be

jointly and severally liable for the victim's injuries. The high-rated driver, while highly intoxicated, made a left turn directly in front of the oncoming victim, who had the right of way. The high-rated driver, who was not using headlights at midnight, also did not signal that he was about to turn. The victim had no opportunity to avoid the collision. The low-rated driver, who was following the victim, slammed on his brakes, but was unable to avoid colliding with the rear of the victim's car. He was cited for failing to maintain an assured clear distance, but was otherwise not at fault. Any rational jury would impose upon the high-rated driver the overwhelming share of the fault in any action between the two tortfeasors for contribution, and yet, according to State Farm's argument in the case before us, while the low-rated driver might escape with a relatively modest share of the exposure in an action for contribution between the two tortfeasors, his insurer will wind up bearing seventy-five percent of the loss compared to the high-rated driver's insurer bearing just twenty-five percent. We cannot imagine that Atlantic intended such a result when it inserted the "other insurance" provision in its policy. The only logical construction of this provision is that it applies when more than one policy is applicable to the liability of the insured under Atlantic's policy, not that Atlantic is thereby accepting a risk of loss that exceeds the actual loss borne by its insured.

We reject State Farm's contention that the "other insurance" clauses creates a contractual contribution obligation between the insurers of joint tortfeasors.

Based on the foregoing, we conclude that the trial court erred in concluding that R.C. 2307.31 and 2307.32 do not govern the present action for contribution between the insurers of two joint tortfeasors and that State Farm's claim for contribution to its settlement payment is not barred by operation of R.C. 2307.31(B). Furthermore, we conclude that the trial court erred in concluding that "other insurance" provisions in insurance contracts create a right of contribution between insurers of joint tortfeasors independent from the right of contribution enjoyed by the insured. Accordingly, we conclude that the trial court erred in granting State Farm's motion for summary judgment and in ordering Atlantic to contribute $54,718.75 to State Farm for the difference between its actual liability and the total settlement payment.

Because we conclude that State Farm's claim for contribution against Atlantic is barred by the operation of R.C. 2307.31(B), it follows that Atlantic is entitled to judgment as a matter of law.

Atlantic's first and second assignments of error are sustained.

### III

Atlantic's third, fourth, and fifth assignments of error are as follows:

"The trial court erred by failing to find the doctrine of *res judicata* barred plaintiff's claim.

"The trial court erred in apportioning the joint and several judgment based upon the policy limits of the insurers.

"The trial court erred in apportioning the joint judgment by referring to the ration of policy limits to total insurance available and by including the personal umbrella coverage provided by Atlantic Mutual in that computation."

Atlantic's third, fourth, and fifth assignments of error have been rendered moot under App.R. 12(A)(1)(c) by our ruling on the first and second assignments of error. Therefore, the third, fourth, and fifth assignments of error are overruled as moot.

## IV

Atlantic's first and second assignments of error having been sustained, and its third, fourth, and fifth assignments of error having been overruled as moot, the judgment of the trial court is *reversed,* and, pursuant to App.R. 12(B), judgment is entered in favor of Atlantic as a matter of law.

*Judgment reversed.*

WOLFF and FREDERICK N. YOUNG, JJ., concur.